UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-106-TAV-CCS-5 |
| | ) | |
| JOY ELIZABETH BARRON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's pro se letter and motion requesting additional credit for time served [Doc. 245; Doc. 251]. The defendant requests that she receive federal sentence credit for the six months that she was incarcerated prior to coming into federal custody in August 2013. The government has responded in opposition, arguing that the Court does not have jurisdiction over the defendant's request, and in any event, the defendant is not entitled to the credit she seeks [Doc. 254].

The calculation of a term of imprisonment for a federal prisoner, including any award of credit for time served, is governed by 18 U.S.C. § 3585.[1] "This Court cannot

---

[1] Section 3585 provides:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the [Bureau of Prisons]." *United States v. Williams*, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008) (citing *United States v. Wilson*, 503 U.S. 329, 333–34 (1992) and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)).

Thus, a prisoner seeking credit for time spent in custody must first exhaust her administrative remedies through the Bureau of Prisons, *Wilson*, 503 U.S. at 335, and failing that, petition the district court for habeas corpus review pursuant to 28 U.S.C. § 2241, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Any such petition generally should be filed in the district where the prisoner is being held. *See United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004) ("Absent special circumstances not present here, a petition for a writ of habeas corpus is properly filed only in a court that has personal jurisdiction over the alien's immediate custodian.").

---

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

2

Case 3:13-cr-00106-TAV-CCS   Document 259   Filed 08/05/15   Page 2 of 3   PageID #: 936

Here, the defendant is incarcerated in Aliceville, Alabama. Therefore, even if the defendant had exhausted her administrative remedies—which has not been shown—the Court would not have jurisdiction over any habeas corpus petition brought pursuant to § 2241. Additionally, the defendant has not provided any other statutory basis for relief. *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (stating that "[t]he authority of a district court to resentence a defendant is limited by statute" and "18 U.S.C. § 3582(c)(1)(B) expressly prohibits . . . resentencing of a defendant beyond those exceptions expressly enacted by Congress").

Therefore, the Court concludes that it lacks jurisdiction to grant the defendant relief. Accordingly, the defendant's motion [Doc. 245; Doc. 251] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE